Let's face up, it's 4-12-10-95, Doman versus Doman. Courtly appellant is Michael Tagg, pronounced correctly, and John Phipps. Mr. Tagg, you may proceed, sir. May it please the court? Counsel. The issue before the court on this appeal is whether or not Judge Blockman properly dismissed our section 14.01 petition because the first Doman order and decision precluded him from doing that. Our point, I think, is straightforward and simple. We believe that the original appellate court decision ultimately determined on the state of the record in the probate case and divorce case at that time what the order of Judge Blockman in fact did, but it did not decide whether or not that order and result was equitable or whether or not that should be reversed or vacated. So we believe that issue was never decided and it was proper for Judge Blockman to proceed with the hearings and decide that issue. The reason being that that order that was entered that the original Doman decision decided to put the parties back in a state of matrimony was entered upon a telephone conversation from Sarah Doman's attorney. There was no notice to anyone and there was no hearing and accordingly no record. Accordingly, the judge ultimately entered that order that had the result of vacating a judgment of dissolution of marriage that had been awarded to the parties without any input at that point in time. So that's in essence the appeal that is before you today is that should Judge Blockman have had the ability to determine whether or not he in fact should not have entered that order that had the result of in essence vacating a final written order of grounds only that had been awarded to the parties. And that's as simple as that. I'm not sure I understand. Amy requested an order clarifying? Is that what happened? Either clarification or vacating it. In her petition it was characterized as a request for the judge to clarify the order, what he meant when he said cause dismissed and then to vacate that order so that the case would be able to proceed so that Judge Blockman could decide property rights between Mr. and Mrs. Doman based upon a status of being divorced rather than the probate court ultimately doing it based upon them being remarried based upon that first appellate court decision. Now counsel, what your client filed was the petition for clarification of judgment and or relief from judgment, correct? That's correct. And the prayer for relief asked that the court clarify its order as to whether or not the portion of the docket entry, cause is dismissed, was intended to vacate the written order or only dismiss the ancillary matters and or vacate the portion of the order stating cause is dismissed and effectively reinstate the matters for determination by the court. That's correct. Okay, so didn't we in the prior Doman case decide that that order had the effect of dismissing the entire matter? Correct. And putting the parties back to the position they were in prior to the entry of the judgment on grounds only. That's correct. So how is that different than what you're seeking in this clarification? Well, and there's that disjunctive or, or to vacate that order and to vacate that order because if in fact Judge Blockman meant that to happen or even if he didn't mean it to in that request is it was still an unjust result to then put the parties back in a state of matrimony then that would preclude and alter the rights vis-a-vis the other heirs that Mr. Doman had. So that has not been decided whether or not the judge should have entered that order. I think Doman said what the effect of that order was and based upon that pronouncement of what the effect was the question still remains is should Judge Blockman have done that because of the impact that it ultimately had based upon the first public decision. Now prior to this petition for clarification your client made no attempt to address that issue with Judge Blockman, right? That is correct. You went to the probate court and Judge Leonard entered an order interpreting what Judge Blockman did, correct? And that's when the decision was made that it was a divorce on grounds and that's how we have Doman won I guess so to speak. Correct. Anything further? Thank you. Okay, thank you counsel. Mr. Phipps? May it please the court? Counsel. Counsel. This is a strange appeal. You seem to have a lot of strange appeals Mr. Phipps. You're right. I do. And this one we were here a year ago. We argued the same issues. The court found that the case was dismissed. It was gone. Part of it restored. Mark Doman has been dead for two years. Now they're trying to come back and take another look at this arguing just the opposite of what they argued last year. Last year they said the divorce was valid and what was dismissed was the ancillary issues and Sarah Doman got nothing because she was not a surviving spouse and the ancillary issues had been dismissed. This court found that the case was dismissed. She was back restored to what she was. Now they file a 214-01 petition to try to go back and get the trial court to reverse this court's ruling that the case was dismissed, which I find very, very strange. This court was right the last time and it needs to enforce its order this time. This case is dismissed. It's gone. You cannot have a divorce case with a dead man. It simply can't exist. A 214-01 petition is a new proceeding. So if we go back to the trial court on their theory, you've got to go back and reinstate a case that involves a dead man and then start over and grant a divorce and have a hearing on ancillary issues and have a divorce. There's no jurisdiction. There's no claim. Part of 214-01 is to have a meritorious claim. If there's no jurisdiction and no party, you can't have a claim. Counsel, is there also a due diligence issue here? Yes, ma'am. I was just getting ready to address that because if you read their brief, they're arguing that this was on its face what should have been raised in the trial court. They didn't do it. They elected to do it in the probate court and they lost. Their theory in the probate court was it was a valid order and they were divorced and she got nothing. Now they're coming back and saying, oh, well, we should have reopened. So they're coming back two years later and trying to do what they should have done in the beginning, but they made an election as to how they were going to proceed and they proceeded in the probate court. And all these issues were litigated in the probate court. And this court simply needs to uphold Judge Blockman and say we were right the first time, we're right the second time, Judge Blockman was right in enforcing our order. There isn't a claim here and this appeal needs to be summarily dismissed. Thank you. Thank you, counsel. Mr. Tagg, anything further, sir? I just have one comment. Sure, go ahead. I would agree with Mr. Fitch. You can't initiate a divorce action once somebody is already dead. But if a divorce action is ongoing and somebody dies, I think the rules are pretty clear, the case doesn't abate, the issues of ancillary matters would then be decided by the trial court with the personal representative protecting the interest of one of the parties that had died. I suppose theoretically two parties could die once the case had been initiated and the personal representatives would sort out the ancillary matters. So I believe that the way that 2-1401 works is that the case remains viable until that two-year period passes in which you can ask that the trial court exercise its equitable powers to bring about a just result. That seems to be the gist of the first domain decision, that the court wanted to make sure that there was a just and equitable result and interpreted what the judge did in such a fashion. Now, we believe that without the ability to go in and let the trial court look at what the division would have been for the property given the status of divorce, it results in an inequitable result. Thank you, counsel. Thank you, Mr. Smith. I advise you to be in recess for a few minutes.